UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL BEE, | No. 2:26-cv-00358-DAD-SCR |
| Plaintiff, | |
| v. | ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION |
| ATP TOUR, INC., | |
| Defendant. | (Doc. No. 13) |

On June 2, 2026, the parties filed a joint stipulation to stay this action pending completion of mediation. (Doc. No. 13.) In their stipulation, the parties state as follows. Plaintiff filed the complaint in this action on February 9, 2026, and the parties have stipulated to extend defendant's time to respond to the complaint on three occasions. (*See* Doc. Nos. 1, 6, 9, 11.) The parties have scheduled mediation for September 8, 2026, and request that the court stay this action pending their anticipated mediation. (Doc. No. 13 at 3.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S.

1

at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842.  A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage which may result from the granting of a stay here is minimal in light of the parties' agreement embodied in their stipulation.  Furthermore, the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of staying this action in light of the parties' scheduled mediation.

Accordingly, the parties' joint stipulation to stay this action (Doc. No. 13) is GRANTED.  The parties shall file a joint status report no later than October 8, 2026, regarding the outcome of their scheduled mediation, and every 90 days thereafter, informing this court as to the status of their mediation.

IT IS SO ORDERED.

Dated:   **June 12, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE